**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAKE CHARLES DIVISION**


SUE GRANGER                                     :          CASE NO.  2:22-cv-04719


VERSUS                                          :          JUDGE JAMES D. CAIN, JR.


STATE FARM FIRE & CASUALTY CO.
ET AL.                                          :          MAGISTRATE JUDGE KAY


REPORT AND RECOMMENDATION


On March 2, 2023, defendants State Farm Fire & Casualty Co., State Farm General Insurance Co., and State Farm Mutual Automobile Insurance Co. ("defendants") filed a Motion for Summary Judgment in this matter seeking dismissal of this action against them as none of them, they claim, ever issued a policy of insurance in favor of plaintiff Sue Granger or the property referenced in the Complaint. Doc. 8.  Defendants have submitted the affidavit of Lisa Michele Deen, Claim Team Manager for all defendants, who states under oath that she has searched the records of all named defendants and none of them had a homeowner's policy in effect for Sue Granger individually or the property that is the subject of this lawsuit. Doc. 8, att. 4. This matter is one of multiple matters filed by attorneys with the firm of McClenny Moseley & Associates, PLLC ("MMA"). Courts in both the Western and Eastern Districts of Louisiana have found multiple irregularities in numerous cases filed by MMA.

R. William Huye, III, who was employed by MMA at the time this action commenced, was signatory to this complaint and to numerous other complaints against defendants herein that prompted defendants to move for summary judgment on the same basis as asserted in this matter—

that there was no policy of insurance that provided coverage for this plaintiff or the property named in the complaint.  After determining that sanctions could be in order under Fed. R. Civ. P. Rule 11(b)(2) or Rule 11(b)(3) if the allegations of defendants' motions proved true, the court *sua sponte* ordered Mr. Huye to appear and show cause on April 26, 2023, why he should not be sanctioned for filing this lawsuit.  Doc. 10.  The court also ordered that plaintiff personally appear to help the court understand how respondent could have filed this lawsuit against entities that did not have a policy of insurance covering his property if, in fact, that is the case.  *Id.*  Plaintiff did not appear.

At hearing on April 26, 2023, Mr. Huye appeared and was not able to show cause why he should not be sanctioned.  Having reviewed Mr. Huye's written declaration concerning this matter, attached hereto, the file material attached hereto under seal, and having examined respondent at hearing, the court recommends that he be sanctioned in the amount of $1,000, to be deposited with the court,[1] for violation of his obligations under Rule 11.  Specifically, the undersigned finds, and recommends that the district judge find, that respondent failed to make personal contact with Sue Granger in advance of filing the complaint, failed to review the limited information on file concerning Sue Granger, and thereby failed to make "an inquiry reasonable under the circumstances" that "the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery."  Fed. R. Civ. P. 11(b)(2).  Neither the file materials nor his testimony in this matter gave any indication that he paid personal attention to the preparation of the complaint.  Rather than being candid about his lack of attention to this matter, respondent used

---

[1] Though we previously indicated that the sanction be ordered to be paid to defendant State Farm Fire & Casualty Company [doc. 16], it appears that we are without authority to do so under Fed. R. Civ. P. Rule 11 when, as here, the sanction arises solely from a *sua sponte* show cause order.  Fed. R. Civ. P. 11(c)(4).

qualifying language to deflect responsibility for this matter away from himself, and this unwillingness to acknowledge that the "buck stops" with the signatory of the complaint convinces the court that a significant penalty is necessary to deter further misconduct. The undersigned further finds and recommends that the district judge find that the amount of time that passed between the intake of the client information on April 18, 2022, and the date the complaint was filed on August 25 2022, left MMA and respondent ample time to confirm the veracity of the allegations of the complaint, and that no such effort was made. These findings are not intended as an adjudication on the merits of this matter and are merely an assessment of the respondent's efforts to fulfill his obligations under Rule 11 of the Federal Rules of Civil Procedure.

For the foregoing reasons, it is **RECOMMENDED** that R. William Huye, III, be sanctioned in the amount of $1,000, to be deposited with the court, and that Mr. Huye complete this payment by December 1, 2023.

The clerk is directed to mail a copy of this Report and Recommendation to plaintiff at the address provided by MMA and on file with the court.

Under the provisions of 28 U.S.C. § 636 and Rule 72 of the Federal Rules of Civil Procedure, parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglas v. United States Automobile Ass'n.*, 79 F.3d 1415, 1429-30 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers this 22nd day of May, 2023.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE